IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **TANTUM COMPANIES, LLC,**[1] | ) | Case No. 23-30407 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### MOTION TO: (A) ADJOURN FINAL DEBTOR IN POSSESSION FINANCING HEARING, (B) TREAT THE AUGUST 9, 2023 HEARING AS AN INTERIM HEARING, AND (C) EXTEND RELATED DEADLINES

The Official Committee of Unsecured Creditors (the "Committee") of the Debtors hereby moves the Court for the entry of an order: (i) adjourning the August 9, 2023, final hearing on the Debtor's post-petition financing motion (the "DIP Financing Motion"), [Doc. 14], (ii) treating the August 9 hearing as a further interim hearing on the DIP Financing Motion, and (iii) extending and establishing related deadlines. In support of this motion, the Committee respectfully represents as follows:

### PRELIMINARY STATEMENT

1.  The Committee was recently formed and retained counsel and it is in the process of evaluating the DIP Financing Motion, which was filed as a first day motion on an emergency basis after the Debtors filed bare bones bankruptcy petitions with no bankruptcy schedules.

2.  As a general matter, the Committee does not oppose the Debtors obtaining debtor in possession financing on reasonable terms consistent with 11 U.S.C. § 364 to fund its operations and related bankruptcy expenses; provided however, that any such post-petition financing must comply with the bankruptcy code and also provide customary provisions such as reasonable collateral perfection review periods and Committee professional carveouts.

---

[1] The Debtors are the following entities (their respective taxpayer identification numbers follow in parentheses): Tantum Companies, LLC (Tax ID: 82-1558256) and BYB Leasing, LLC (Tax ID: 85-2862164).

3. The Committee's preliminary review of the DIP Financing Motion, however, demonstrates that it is not a customary debtor in possession financing transaction. Rather, while the proposed transaction contains some terms that appear like a loan, it also: (a) requires the Debtors to assume a pre-petition unsecured "Credit Card Facility" with a reported balance of $185,378.47 as of the petition date, (b) requires the Debtors to assume a pre-petition series of allegedly secured "Equipment Loans" with an aggregate reported balance of $1,845,257.15 as of the petition date, and (c) contains improper provisions such as, among other things, delegating control over the plan process to the proposed lender by making it an event of default for the Debtors to file a plan unless the plan is "acceptable to the DIP Lender." *See*, Doc. 14, *DIP Financing Motion*, pp. 6-9, ¶¶ 12-13.

4. The Committee desires to attempt to negotiate a consensual plan in this case with the Debtors and their secured lender(s), and to hopefully reach consensus on the terms of a consensual DIP financing facility to achieve that goal. However, the Committee is currently unable to pursue that path forward on the existing timelines given that the Committee was recently formed, the Debtors have yet to file their bankruptcy schedules, and the DIP Financing Motion and proposed loan contain many facially objectionable provisions that must be addressed with the DIP Lender and the Debtors. As discussed below, the Committee respectfully requests additional time to attempt to work through this process with sufficient information to fulfill its statutory duty to creditors.

## CASE BACKGROUND

5. On June 26, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the Bankruptcy Code. The cases were filed as bare bones filings with no bankruptcy schedules.

6. The Court heard the DIP Financing Motion on an emergency basis on June 27, 2023, and entered an order on an interim basis on July 3, 2023 (the "Interim DIP Financing Order"). [Doc. 30].

7. The Interim DIP Financing Order: (i) approved limited post-petition financing on an interim basis, (ii) scheduled a final hearing on the DIP Financing Motion on August 9, 2023, and (iii) set an objection deadline of August 2, 2023.

8. On July 18, 2023, over two weeks after the entry of the Interim DIP Financing Order, the Committee was formed by entry of an order of this Court. [Doc. 47].

9. The Committee is comprised of the following parties: (a) Best Restaurant Equipment & Design, Inc., (b) Gordon Food Service, Inc., and (c) Realty Income.

10. The Committee recently selected MWH as counsel to the Committee in the cases, and it is in the process of approving its bylaws, filing retention applications, and conducting a preliminary evaluation of the case status and upcoming events.

11. As of the filing of this motion, the Debtors have not filed bankruptcy schedules and have filed two motions for extension of time to file their schedules and statement of financial of affairs. The Debtors most recent motion for an extension of time seeks an extension of time to file their schedules through and including July 31, 2023.

12. The first meeting of creditors is currently scheduled for August 2, 2023, but the Bankruptcy Administrator has already announced that the first meeting of creditors will be adjourned to August 16 given the Debtors' failure to file schedules on a reasonable timeframe for creditors to review them in advance of the Section 341 meeting.

**BASIS FOR THE RELIEF REQUESTED**

13.     The Committee requests entry of an order: (i) adjourning the August 9, 2023, hearing on DIP Financing Motion, (ii) treating the August 9 hearing as a further interim hearing on the DIP Financing Motion, and (iii) extending and establishing related deadlines.   Cause exists to grant the relief requested herein for multiple reasons.

14.     First, the Committee was recently formed and retained counsel, it is in the process of setting up its internal administrative procedures, and attempting to conduct a preliminary evaluation of the Debtors' case, the DIP Financing Motion, and the Debtors' prospects of reorganizing their affairs in this case.  Accordingly, the Committee needs additional time to evaluate the DIP Financing Motion and to make an informed decision on whether to support or oppose the DIP Financing Motion on a final basis.

15.     Second, the cases were filed over a month ago and the Debtors have still not filed their bankruptcy schedules and statement of financial affairs, which disclose the Debtors' assets, asset values, liabilities and transfers to related parties and lenders.  Given the lack of these basic disclosures at this belated date, the Committee is unable to evaluate the propriety of the DIP Financing Motion and it will need a reasonable amount of time to review the filed schedules and ask for supplemental information, if needed, to evaluate the DIP Financing Motion and to make an informed decision and fulfill its statutory duties.

16.     Third, the Committee's preliminary review of the DIP Financing Motion demonstrates that there are numerous requested provisions that violate binding Fourth Circuit precedent and are otherwise inappropriate.  For example, the Debtors request to assume and pay over $2,000,000.00 of pre-petition debt violates the Fourth Circuit's holding in *Official Committee of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987), which holds that

distributions to pre-petition creditors can only be made through a confirmed plan of reorganization. Similarly, the DIP Financing Motion purports to delegate the Debtors' fiduciary duty, and the Court's control over the plan process, to the DIP Lender by requiring any plan of reorganization to be "acceptable to the DIP Lender." While the Committee intends to negotiate with the proposed DIP Lender and the Debtors over the terms of a consensual plan, including these provisions are facially improper as part of any approved DIP financing arrangement.[2]

17. Based on the foregoing, the Committee submits that cause exists to grant the relief requested herein.

WHEREFORE, the Committee respectfully requests that the Court: (i) grant the relief requested herein, and (ii) such other and further relief as the Court may deem just and proper.

Dated: Charlotte, North Carolina
July 28, 2023

**MOON WRIGHT & HOUSTON, PLLC**

By:   */s/ Andrew Houston*
Andrew T. Houston (State Bar No. 36208)
212 N. McDowell Street, Suite 200
Charlotte, N.C. 28204
Telephone: (704) 944-6560
Facsimile: (704) 944-0380
ahouston@mwhattorneys.com
*Attorneys for the Official Committee of Unsecured Creditors of Tantum Companies, LLC*

---

[2] The undersigned was informed that the Bankruptcy Administrator has raised multiple objections to the DIP Financing Motion with the Debtors and the DIP Lender. The Committee joins in those objections and reserves the right to raise additional objections if appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion to: (A) Adjourn Final Debtor in Possession Financing Hearing, (B) Treat the August 9, 2023 Hearing as an Interim Hearing, and (C) Extend Related Deadlines* was served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case on the date shown below.

Dated: Charlotte, North Carolina
July 28, 2023

          **MOON WRIGHT & HOUSTON, PLLC**

By:     */s/ Andrew Houston*
Andrew T. Houston (State Bar No. 36208)
212 N. McDowell Street, Suite 200
Charlotte, N.C. 28204
Telephone: (704) 944-6560
Facsimile: (704) 944-0380
ahouston@mwhattorneys.com
*Attorneys for the Official Committee of Unsecured Creditors of Tantum Companies, LLC*