B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JASON M. TORF, Liquidating Trustee for TANTUM COMPANIES, LLC | SYSCO CORPORATION; SYSCO CHARLOTTE, LLC; SYSCO JACKSON, LLC; SYSCO MEMPHIS, LLC; AND SYSCO NASHVILLE, |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Andrew T. Houston<br>Moon Wright & Houston, PLLC<br>212 N. McDowell Street, Suite 200, Charlotte, NC  28204 |  |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to avoid and recover preferential transfers pursuant to 11 U.S.C. § 547 and related claim block pursuant to 11 U.S.C. § 502(d).

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 519,670.77 |

Other Relief Sought

B1040 (FORM 1040) (12/15), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Tantum Companies, LLC | | BANKRUPTCY CASE NO.<br>23-30407 |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of NC | DIVISIONAL OFFICE<br>Charlotte | NAME OF JUDGE<br>Laura T. Beyer |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>6/20/2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Andrew T. Houston | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.
**Attorneys.** Give the names and addresses of the attorneys, if known.
**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.
**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **In re:**<br><br>**TANTUM COMPANIES, LLC,**<br><br>         Debtor. | Chapter 11<br><br>Case No: 23-30407<br>Jointly Administered |
| **JASON M. TORF, Liquidating Trustee for TANTUM COMPANIES, LLC,**<br><br>         Plaintiff,<br><br>v.<br><br>**SYSCO CORPORATION; SYSCO CHARLOTTE, LLC; SYSCO JACKSON, LLC; SYSCO MEMPHIS, LLC; and SYSCO NASHVILLE, LLC,**<br><br>         Defendants. | Adversary Proceeding<br>No.: 25-_____ |

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF PREFERENTIAL TRANSFERS**

NOW COMES the plaintiff, Jason M. Torf (the "Plaintiff"), solely in his capacity as the liquidating trustee pursuant to the Liquidating Trust Agreement dated March 1, 2025 (the "Liquidating Trust Agreement"), by and through undersigned counsel, and hereby alleges as follows:

**PARTIES**

1. Plaintiff is the duly appointed liquidating trustee of the liquidating trust created pursuant to the confirmed *Amended Plan of Reorganization of Tantum Companies, LLC* dated September 17, 2024 (the "Plan"), and the terms of the Liquidating Trust Agreement.

2. Upon information and belief, Sysco Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Harris County, Texas.

3. Upon information and belief, Sysco Charlotte, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Mecklenburg County, North Carolina.

4. Upon information and belief, Sysco Jackson, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Hinds County, Mississippi.

5. Upon information and belief, Sysco Memphis, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Shelby County, Tennessee.

6. Upon information and belief, Sysco Nashville, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Davidson County, Tennessee.

7. Sysco Corporation; Sysco Charlotte, LLC; Sysco Jackson, LLC; Sysco Memphis, LLC; and Sysco Nashville, LLC are referred to herein jointly as the "Defendants."

## JURISDICTION AND VENUE

8. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, and Article 12 of the Plan.

10. The statutory predicates for relief are, among others, 11 U.S.C. §§ 502, 547 and 550.

11. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

12. The Plaintiff commences this action pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## FACTS

### *Background Facts Regarding the Debtor and the Chapter 11 Case*

13. Tantum Companies, LLC ("Tantum," or the "Debtor") is a Delaware limited liability company that was formed in 2017.

14. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 26, 2023 (the "Petition Date").

15. The Debtor filed its Plan on or about September 17, 2024. [Case No. 23-30407, Doc. 346].

16. The Plan provided that a liquidating trust would be formed on the Plan's effective date to, among other things, administer assets for the benefit of Tantum's unsecured creditors, investigate and pursue avoidance actions, review and object to claims, and make distributions. *See, e.g.*, Plan §§ 3.5, 5.1-5.4, & 8.2.

17. On the effective date, the Plan further provided that the Plaintiff would be appointed as the representative of the liquidating trust and the bankruptcy estate to pursue avoidance actions for the benefit of the Debtor's unsecured creditors. *See, e.g.*, Plan § 5.4; *Liquidating Trust Agreement* § 3.2.

18. On December 12, 2024, this Court entered an Order confirming the Debtor's Plan.

19. The Debtor filed its *Notice of Effective Date* and declared a March 1, 2025 effective date. [Case No. 23-30407, Doc. 395].

### *The Preferential Payments to the Defendants*

20. At all relevant times, the Debtor operated Back Yard Burgers restaurants, and collected royalties and licensing fees from certain non-debtor entities that operate Back Yard Burgers' franchises.

21. Prior to the Petition Date, the Defendants sold and distributed food products to the Debtor's various restaurant operations.

22. According to the Debtor's books and records, on or within ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtor made multiple payments to the Defendants, or for the benefit of the Defendants, in the sum of no less than $519,670.77 (the "Preferential Transfers").

23. Attached hereto as **Exhibit 1** and incorporated by reference is a summary of the Preferential Transfers.

### FIRST CLAIM FOR RELIEF
(Preference – 11 U.S.C. § 547)

24. Plaintiff realleges all paragraphs of this complaint and incorporates them by reference as if fully set forth herein.

25. The Preferential Transfers constitute one or more transfers of an interest of the Debtor in property.

26. The Preferential Transfers were made to or for the benefit of the Defendants, creditors of the Debtor.

27. The Preferential Transfers were for or on account of an antecedent debt owed by the Debtor to the Defendants before the Preferential Transfers were made.

28. The Preferential Transfers were made while the Debtor was insolvent.

29. The Preferential Transfers were made on or within ninety (90) days of the Petition Date.

30. The Preferential Transfers enabled the Defendants to receive more than they would have received if: (i) the case was a case under chapter 7 of the Bankruptcy Code, (ii) the Preferential Transfers had not been made, and (iii) the Defendants received payment of the debt owed to the extent provided by the provisions of the Bankruptcy Code.

31. As a result, the Plaintiff is entitled to a judgment and an order avoiding the Preferential Transfers pursuant to section 547 of the Bankruptcy Code.

32. In addition, the Plaintiff has made reasonable efforts to evaluate whether the Defendants have viable defenses to this preference claim. Such efforts have included among other things the following: (i) reviewing the Debtor's sworn bankruptcy schedules, (ii) seeking and obtaining an order of the Bankruptcy Court requiring the Debtor to produce all documents related to these transactions, (iii) reviewing and analyzing all documents produced by the Debtor to date, including, but not limited to, the Debtor's known bank account records, and (iv) contacting the Defendants to request a return of the Preferential Transfers or the identification of any potential defenses and the provision of any supporting documentation.

33. Despite these efforts, the Plaintiff has been unable to conclude that the Defendants will be able to avail themselves of any affirmative defenses to an action brought pursuant to section 547 of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
(Recovery of Property – 11 U.S.C. § 550)

34. Plaintiff realleges all paragraphs of this complaint and incorporates them by reference as if fully set forth herein.

35. As alleged, Plaintiff is entitled to avoid the Preferential Transfers pursuant to section 547 of the Bankruptcy Code.

36. The Defendants are the initial transferee of the Preferential Transfers or the entities for whose benefit the Preferential Transfers were made.

37. Alternatively, the Defendants are the immediate or mediate transferees of such initial transfers.

38. Consequently, the Plaintiff is entitled to recover from the Defendants the property transferred or the value of the Preferential Transfers pursuant to section 550(a) of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF
(Claim Block – 11 U.S.C. § 502(d))

39. Plaintiff realleges all paragraphs of this complaint and incorporates them by reference as if fully set forth herein.

40. One or more of the Defendants filed a proof of claim in this case or were listed as a holder of a claim in the Debtor's bankruptcy schedules.

41. The Defendants are the recipient of avoidable transfers under 11 U.S.C. § 547.

42. The Defendants have not paid the amount, or turned over any property, for which it is liable under 11 U.S.C. § 550.

43. Pursuant to 11 U.S.C. § 502(d), Plaintiff is entitled to an order and judgment disallowing all claims of the Defendants.

*Reservation of Rights*

44. During this adversary proceeding, Plaintiff may learn of additional facts that give rise to additional claims for relief against the Defendants or third parties. The Plaintiff intends to pursue all such claims and to avoid and recover all avoidable transfers that were made by the Debtor to the Defendants and any other third party. Accordingly, in the event additional transactions or transfers are identified through discovery in this case, the Plaintiff expressly reserves the right to amend this Complaint to add additional claims or to seek to avoid and recover other transfers of property of the Debtor to the Defendants.

**WHEREFORE**, the Plaintiff respectfully requests judgment as follows:

1. The entry of judgment against Defendants on all applicable causes of action alleged in the Complaint;

2. That the Preferential Transfers be avoided pursuant to 11 U.S.C. § 547;

3. That the Defendants be ordered to pay the Plaintiff $519,670.77 or the value of such property free and clear of any and all claims, liens, interests, or other encumbrances thereon pursuant to 11 U.S.C. § 550;

4. That the Court enter an order disallowing all claims of the Defendants pursuant to 11 U.S.C. § 502(d);

5. That the Plaintiff be awarded its costs and expenses including, without limitation, its reasonable attorneys' fees to the extent permitted by applicable law;

6. That the Plaintiff be awarded interest on the judgment amount at the maximum legal rate; and

7. That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: Charlotte, North Carolina
       June 20, 2025

**MOON WRIGHT AND HOUSTON, PLLC**

    */s/ Andrew T. Houston*
Andrew T. Houston (NC Bar No. 36208)
ahouston@mwhattorneys.com
Caleb Brown (NC Bar No. 41131)
cbrown@mwhattorneys.com
212 N. McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone: (704) 944-6560
Facsimile: (704) 944-0380
*Counsel for the Plaintiff / Liquidating Trustee*

# Exhibit 1

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 3/28/2023 | $22,831.01 | 5/1/2023 | $207.91 | 5/16/2023 | $4,194.31 |
| 3/30/2023 | $23,623.16 | 5/1/2023 | $393.65 | 5/16/2023 | $4,707.03 |
| 4/4/2023 | $22,856.71 | 5/1/2023 | $864.48 | 5/19/2023 | $1,120.61 |
| 4/7/2023 | $21,712.15 | 5/1/2023 | $2,590.18 | 5/22/2023 | $33.97 |
| 4/11/2023 | $17,189.71 | 5/1/2023 | $3,018.38 | 5/22/2023 | $207.91 |
| 4/17/2023 | $33.97 | 5/1/2023 | $3,271.81 | 5/22/2023 | $393.65 |
| 4/17/2023 | $207.91 | 5/1/2023 | $3,290.97 | 5/22/2023 | $864.48 |
| 4/17/2023 | $393.65 | 5/1/2023 | $3,412.51 | 5/23/2023 | $2,582.87 |
| 4/17/2023 | $864.48 | 5/1/2023 | $4,058.00 | 5/23/2023 | $2,836.84 |
| 4/18/2023 | $2,575.44 | 5/2/2023 | $3,297.94 | 5/23/2023 | $3,680.98 |
| 4/18/2023 | $2,575.44 | 5/2/2023 | $4,020.71 | 5/23/2023 | $3,796.64 |
| 4/18/2023 | $3,327.30 | 5/2/2023 | $4,219.19 | 5/23/2023 | $4,313.20 |
| 4/18/2023 | $3,327.30 | 5/2/2023 | $4,511.93 | 5/23/2023 | $4,330.27 |
| 4/18/2023 | $3,399.09 | 5/2/2023 | $4,737.38 | 5/23/2023 | $4,869.92 |
| 4/18/2023 | $3,399.09 | 5/8/2023 | $33.97 | 5/23/2023 | $4,911.51 |
| 4/18/2023 | $3,916.05 | 5/8/2023 | $207.91 | 5/23/2023 | $5,167.92 |
| 4/18/2023 | $3,916.05 | 5/8/2023 | $393.65 | 5/23/2023 | $5,771.20 |
| 4/18/2023 | $4,044.24 | 5/8/2023 | $864.48 | 5/30/2023 | $33.97 |
| 4/18/2023 | $4,044.24 | 5/8/2023 | $888.00 | 5/30/2023 | $207.91 |
| 4/20/2023 | $20.16 | 5/8/2023 | $2,429.22 | 5/30/2023 | $393.65 |
| 4/24/2023 | $33.97 | 5/8/2023 | $2,880.16 | 5/30/2023 | $864.48 |
| 4/24/2023 | $207.91 | 5/8/2023 | $3,627.84 | 5/30/2023 | $2,093.57 |
| 4/24/2023 | $393.65 | 5/8/2023 | $4,235.13 | 5/30/2023 | $2,715.57 |
| 4/24/2023 | $864.48 | 5/9/2023 | $3,265.15 | 5/30/2023 | $3,167.45 |
| 4/24/2023 | $3,105.65 | 5/9/2023 | $3,279.10 | 5/30/2023 | $3,482.91 |
| 4/24/2023 | $3,512.93 | 5/9/2023 | $3,552.59 | 5/30/2023 | $3,598.09 |
| 4/24/2023 | $3,585.66 | 5/9/2023 | $4,348.50 | 5/30/2023 | $3,895.73 |
| 4/24/2023 | $3,664.88 | 5/9/2023 | $4,757.28 | 5/30/2023 | $3,935.94 |
| 4/24/2023 | $3,685.14 | 5/15/2023 | $33.97 | 5/30/2023 | $4,074.25 |
| 4/24/2023 | $4,294.36 | 5/15/2023 | $207.91 | 5/30/2023 | $4,167.86 |
| 4/24/2023 | $5,779.13 | 5/15/2023 | $393.65 | 5/30/2023 | $5,667.42 |
| 4/25/2023 | $2,951.69 | 5/15/2023 | $864.48 | 6/1/2023 | $17.23 |
| 4/25/2023 | $3,249.15 | 5/15/2023 | $2,707.30 | 6/2/2023 | $116.79 |
| 4/25/2023 | $3,685.14 | 5/15/2023 | $2,854.53 | 6/2/2023 | $3,003.50 |
| 4/25/2023 | $4,186.43 | 5/15/2023 | $2,923.43 | 6/5/2023 | $33.97 |
| 4/25/2023 | $4,443.52 | 5/15/2023 | $3,249.56 | 6/5/2023 | $207.91 |
| 4/25/2023 | $4,850.21 | 5/15/2023 | $4,666.60 | 6/5/2023 | $393.65 |
| 4/27/2023 | $79.84 | 5/16/2023 | $3,533.27 | 6/5/2023 | $864.48 |
| 5/1/2023 | $33.97 | 5/16/2023 | $3,940.97 | 6/5/2023 | $2,750.54 |

| Date | Amount |
|---|---|
| 6/5/2023 | $3,165.52 |
| 6/5/2023 | $3,723.80 |
| 6/5/2023 | $4,077.52 |
| 6/6/2023 | $2,728.52 |
| 6/6/2023 | $3,998.03 |
| 6/6/2023 | $3,998.78 |
| 6/6/2023 | $4,324.33 |
| 6/6/2023 | $4,821.57 |
| 6/12/2023 | $33.97 |
| 6/12/2023 | $207.91 |
| 6/12/2023 | $393.65 |
| 6/12/2023 | $864.48 |
| 6/12/2023 | $3,111.22 |
| 6/12/2023 | $3,250.77 |
| 6/12/2023 | $3,397.88 |
| 6/12/2023 | $3,474.64 |
| 6/12/2023 | $3,636.83 |
| 6/13/2023 | $109.67 |
| 6/13/2023 | $2,931.36 |
| 6/13/2023 | $4,331.83 |
| 6/13/2023 | $4,429.18 |
| 6/13/2023 | $4,449.44 |
| 6/15/2023 | $183.63 |
| 6/16/2023 | $1,214.23 |
| 6/20/2023 | $33.97 |
| 6/20/2023 | $207.91 |
| 6/20/2023 | $393.65 |
| 6/20/2023 | $864.48 |
| 6/20/2023 | $6,105.77 |
| 6/20/2023 | $6,664.93 |
| 6/20/2023 | $7,355.08 |
| 6/20/2023 | $8,171.24 |
| 6/20/2023 | $9,359.71 |
| 6/26/2023 | $33.97 |
| 6/26/2023 | $207.91 |
| 6/26/2023 | $393.65 |
| 6/26/2023 | $864.48 |
| 6/27/2023 | $2,528.64 |
| 6/27/2023 | $3,228.00 |
| 6/27/2023 | $3,648.49 |
| 6/27/2023 | $4,381.40 |